```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


Jermain Anderson,              :

        Plaintiff,              :

    v.                          :    Case No. 2:05-cv-0520

Celinda S. Frye, et al.,        :    JUDGE SARGUS

        Defendants.             :
```

ORDER

    This is Fair Housing Act case.  It is currently before the Court by way of a motion for a protective order filed by the defendants on April 19, 2006.  Plaintiff has not formally responded to the motion.  For the following reasons, the motion is granted in part and denied in part.

    According to the motion for a protective order, this dispute revolves around certain information of which the defendants are willing to produce either through disclosures or discovery but which, they contend, should be subject to restrictions on its use and dissemination.  As is customary in civil litigation in this Court, they proposed to the plaintiff that the parties agree upon a protective order which would allow the defendants to designate as confidential any information they believe worthy of protection.  Until further order of the Court, that information would then be maintained in confidential fashion by the parties and, if submitted to the Court, filed under seal.  However, plaintiff could, with respect to any document or other type of information produced pursuant to the protective order, challenge the confidentiality designation, at which point the defendants would bear the burden of persuading the Court that it was entitled to continued protection.  Plaintiff, however, has

declined to enter into a stipulated protective order of that type, and the defendants now ask the Court to issue that order.

It is somewhat unusual for parties to litigation to ask the Court to enter a protective order as general as the type of protective orders which parties typically agree to.  As noted in Bayer AG & Miles, Inc. v. Barr Laboratories, 162 F.R.D. 456, 465 (S.D.N.Y. 1995), protective orders generally fall into three categories.  The first are protective orders which limit the production and use of "specific, identified information" at the request of one of the parties.  Id.  Second, courts sometime enter "umbrella" protective orders which designate as confidential every type of information produced during discovery.  Generally, such a protective order is entered only at the joint request of the parties.  Third, the Court may enter a "blanket" protective order of the type proposed here, which allows the parties to designate certain information as confidential without the need for the Court to review each piece of information before that designation.  The Bayer described such protective orders as "routine and essential" to modern litigation, especially in cases where, for example, the litigants are competitors and the protective order permits them to exchange information without fear that it will be used to the competitive disadvantage of the party which has produced it.

Blanket protective orders, like umbrella protective orders, are usually entered by the Court after the parties have agreed to their terms.  When the parties do not agree, such orders are routinely entered only in cases where large-scale document production is contemplated and it would be impractical for the Court to review either specific documents or categories of documents prior to production.  See, e.g., Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 n.17 (3d Cir. 1994); see also Cipollone v. Liggett Group, 785 F.2d 1108, 1122 (3d Cir. 1986).

The Cipollone court noted that the "good cause" standard set forth in Rule 26(c) permits the Court in some cases to "construct a broad 'umbrella' protective order upon a threshold showing by one party (the movant) of good cause" and that such an order "would initially protect all documents that the producing party designated in good faith as confidential." Id. If, however, there was a challenge to the correctness of that designation, "the opposing party could indicate precisely which documents it believed to be not confidential, and the movant would have the burden of proof and justify the protective order with respect to those documents." Id. Absent such circumstances, however, in the routine case, "[i]f any party...wants any information to be protected by such an order, it must describe the categories of information in explaining why each category deserves confidentiality." NBA Properties v. Untertainment Records, 1999 WL 642822, *1 (S.D.N.Y. August 24, 1999). Otherwise, if a party makes only generalized statements concerning the need for certain documents to be protected from dissemination or use outside the boundaries of the litigation, the Court is unable to evaluate properly whether the documents really deserve that type of protection. See Dahdal v. Thorn Americas, 1997 WL 599614 (D.Kan. September 15, 1997) (accepting a generalized statement of confidentiality relating to personnel files but not for allegedly confidential business information).

    Here, the defendants have not identified any specific documents which they believe are deserving of protection. Rather, they assert in their memorandum that the types of documents which they would designate as confidential would consist of "proprietary information, underwriting policies, loan applications, credit reports, and certain individuals' (including Plaintiff's) financial information." Memorandum in Support of Motion for a Protective Order, at 7. The Court agrees that

individual financial information may well be appropriately subject to a protective order, especially to insure that it is not misused or publicly disseminated in a way that would create a risk of identity theft.  However, without more information, the Court simply is unable to determine whether, in this case, which is not a proto-typical business case involving trade secrets or competitors suing each other, the defendants possess the type of proprietary business information or underwriting policies which are deserving of protection.  Consequently, the Court is simply unable to enter a "blanket" protective order which would allow the defendants to designate such items as confidential.  Rather, the defendants have their choice of either objecting to the production of such documents on grounds that they are confidential and can be produced only pursuant to an appropriate protective order, leaving it to the plaintiff then to move to compel, or they can bolster their argument that these types of documents should be governed by a protective order with the foundational information required in Rule 26(c) to establish good cause for treating such documents confidentially.

    Based upon the foregoing, the defendants' motion for a protective order (#31) is granted in part and denied in part.  The defendants shall produce information which is either subject to the initial disclosure requirements under Rule 26(a)(1), or which has been requested by plaintiff through an appropriate discovery request, and which contains any type of personal financial information relating either to the plaintiff or to others (whether that is contained in loan applications, credit reports, or other types of documents) pursuant to the following restrictions: Defendants may mark those documents as confidential, and absent further order of the Court, plaintiff may not reveal the contents of those documents to any other person.  She may not use the information contained in those

documents for any purpose other than this litigation, and if either she or defendants choose to file any such documents with the Court, they shall be filed under seal.  With respect to other documents, if defendants wish to seek protection as to specific items allegedly containing proprietary business information, whether that be underwriting policies or other types of information, they may either decline to produce that information unless plaintiff is willing to enter into an appropriate protective order, or, alternatively, she files a motion to compel which the Court grants, or they may provide additional information to the Court justifying the extension of the protective order to that information.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge